IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 2:15CR00001 |
| v. | ) | OPINION |
| | ) | |
| MICHAEL SHANE VAUGHT, | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Debbie H. Stevens, United States Attorney's Office, Abingdon, Virginia for United States; Michael Shane Vaught, Pro Se Defendant.*

The defendant, Michael Shane Vaught, proceeding pro se, filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, based on claims of ineffective assistance of counsel and court error. The government filed a Motion to Dismiss and Vaught responded. Accordingly, this matter is ripe for disposition. After reviewing the record, I will grant the United States' Motion to Dismiss.

I.

A grand jury returned a multi-count Indictment against Vaught and a co-defendant after Vaught, a federal inmate serving time for unrelated charges, physically attacked a guard at the prison with a weapon that he obtained from his codefendant. Vaught was charged with the following crimes: two counts of assault of a federal officer, in violation of 18 U.S.C. §§ 2, 111(a)(1) and (b) ("Counts One

and Two"); assault with intent to commit murder, in violation of 18 U.S.C. § 113(a)(1) ("Count Three"); assault on a federal officer with a dangerous weapon, with intent to do bodily harm, in violation of 18 U.S.C. § 113(a)(3) ("Count Four"); assault on a federal officer resulting in serious bodily injury, in violation of 18 U.S.C. § 113(a)(6) ("Count Five"); assault and attempted murder of a federal officer with the intent to impede, intimidate and interfere with the federal officer while engaged in the performance of official duties and with intent to retaliate against the officer on account of the performance of official duties with a dangerous weapon, in violation of 18 U.S.C. §§ 115(a)(1)(A), (b)(1)(A); (b)(1)(B)(iv), and (b)(3) ("Count Six"); assault of a federal officer with intent to impede the performance of official duties resulting in bodily injury, in violation of 18 U.S.C. §§ 115(a)(1)(A) and (b)(1)(B)(iii) ("Count Seven"); possession of a prohibited object intended to be used as a weapon, in violation of 18 U.S.C. §§ 1791(a)(2) and (d)(1)(B) ("Count Eight"); and conspiracy to assault with a dangerous weapon a federal officer, in violation of 18 U.S.C. § 113(a)(3) ("Count Eleven").

Vaught pleaded guilty pursuant to a written Plea Agreement to Count Six of the Indictment. Plea Agreement 1, ECF No. 24. The Plea Agreement stipulated that Vaught faced a maximum statutory term of imprisonment of 360 months on

that count. *Id*. In exchange, the government agreed to dismiss the remaining counts. *Id*. at 2.

At the guilty plea hearing, I questioned whether Count Six applied to Vaught, noting that although the Indictment described Count Six as a charge of assault and attempted murder of a federal officer, in violation of 18 U.S.C. § 115, that statute actually charges "an offense to which there's an assault or attempted murder of a member of the immediate family of a federal law enforcement officer." Plea Hr'g Tr. at 2, ECF No. 59. After review, the government admitted that it had erred by including Count Six. *Id*. at 3. After a recess, the parties agreed to amend the Plea Agreement. *Id*. at 4. The Amended Plea Agreement stipulated that Vaught would plead guilty to Count Three, assault with intent to murder, in violation of 18 U.S.C. § 113(a)(1), which carries a maximum statutory term of imprisonment of 240 months. Am. Plea Agreement 1, ECF No. 30.

I then proceeded with the guilty plea hearing, and asked defense counsel whether he had "had an adequate opportunity to consult" with Vaught "in regard to the change in the plea agreement to pleading guilty to a different offense." Plea Hr'g Tr. at 4, ECF No. 59. Defense counsel answered in the affirmative. Vaught himself affirmed that he had had an adequate opportunity to read and discuss the Indictment and Amended Plea Agreement, particularly the change in the charge to which he intended to plead guilty. *Id*. at 7. Vaught further affirmed that he was

"fully satisfied with [his] lawyer's representation." *Id*. The prosecutor summarized the terms of the Amended Plea Agreement, in which Vaught agreed to plead guilty to Count Three, assault with intent to commit murder, in violation of 18 U.S.C § 113(a)(1). *Id*. at 8. Both the prosecutor and I advised Vaught that he faced a maximum statutory penalty of not more than 240 months' imprisonment. *Id.* at 8, 10. Vaught affirmed his understanding that by pleading guilty, he gave up his right to appeal and to collaterally attack his sentence except on matters that cannot be waived under the law or that allege ineffective assistance of counsel. *Id.* at 9-10. Vaught stated that he wanted to plead guilty to Count Three because he was, in fact, guilty of the crime. *Id*. at 13. I found that Vaught was fully competent and capable of entering an informed plea and that his guilty plea was knowingly and voluntarily made. (*Id.* at 15-16.)

The probation office prepared a Presentence Investigation Report ("PSR") in anticipation of sentencing. The PSR recommended a total offense level of 36 and a criminal history category of VI, resulting in an advisory guideline range of 324 to 405 months' imprisonment. PSR ¶ 54, ECF No. 41. However, the statutory maximum sentence that Vaught faced was 240 months' incarceration; because the statutory maximum was less than the minimum of the applicable guideline range, the guideline term of imprisonment was reduced to 240 months. *Id*. ¶ 53. I sentenced Vaught to 240 months' imprisonment to run consecutively to any

previous state or federal sentence. Sentencing Hr'g Tr. at 16, ECF No. 61. He did not appeal.

In his § 2255 motion, Vaught alleges (1) that counsel provided ineffective assistance by advising him to plead guilty pursuant to the Amended Plea Agreement; (2) that his Indictment impermissibly joined counts against his codefendant; and (3) that I failed to consider mitigating evidence at sentencing.

II.

To state a viable claim for relief under § 2255, a defendant must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Vaught bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

*A. Ineffective Assistance of Counsel.*

Vaught argues that his counsel was ineffective for advising him to plead guilty to an inapplicable charge in the original Plea Agreement and then advising him to plead guilty to the Amended Plea Agreement. This claim is unavailing.

It is true that defense counsel did not challenge Count Six of the Indictment, which incorrectly charged Vaught with a violation of 18 U.S.C. §

115(a)(1)(A); (b)(1)(A); (b)(1)(B)(iv); and (b)(3); a charge that involves threats of injury to the family of a federal official. Moreover, counsel advised Vaught to plead guilty to Count Six in the original Plea Agreement, without realizing that Vaught had not engaged in the charged conduct. However, Vaught cannot establish that he was prejudiced by counsel's error. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (noting that in order for a defendant to prevail on a claim of ineffective assistance of counsel, he must establish both objectively unreasonable behavior by counsel and prejudice).

At the guilty plea hearing, I addressed the error, noting that the government had presented no evidence that Vaught had threatened a federal officer's family. The government admitted that Count Six was charged in error. As a result an Amended Plea Agreement was created. Vaught argues that counsel erred by advising him to plead guilty to Count Three in the Amended Plea Agreement because counsel was incorrect when he said that Vaught was receiving a "better deal" than that contained in the original Plea Agreement. Vaught's claims that he did not understand the full consequences of pleading guilty to Charge Three or received erroneous advice from counsel regarding his plea is directly contradicted by his affirmations, under oath, during the plea colloquy. He affirmed that he had had ample time to review the Amended Plea Agreement, that he was satisfied with counsel's representation, and that he wanted to plead guilty because he was, in

fact, guilty. Accordingly, this claim lacks merit. *See United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (holding that absent extraordinary circumstances, "allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false") (internal quotation marks omitted).

Additionally, Vaught's assertion that counsel provided erroneous advice for suggesting that he was receiving a "better deal," in the Amended Plea Agreement is unavailing. It is true that none of the remaining counts in the Indictment provided for a maximum statutory sentence of more than 240 months, so he never would have been exposed to a mandatory maximum sentence of 360 months on any one count. But as a result of the Amended Plea Agreement, the government dismissed six additional charges against him. The Amended Plea Agreement was a favorable deal for Vaught as it substantially decreased his sentence exposure and counsel was not remiss in pointing this out to Vaught. Vaught received the benefit of his bargain, and counsel's statements did not amount to deficient performance. *Strickland*, 466 U.S. at 687.

### B. Indictment Error.

Next, Vaught argues that his Indictment erroneously joined his codefendant and included Counts Nine and Ten, which charged his codefendant with possessing

- 7 -

Case 2:15-cr-00001-JPJ-RSB Document 66 Filed 02/10/17 Page 7 of 9 Pageid#: 299

a prohibited object intended to be used as a weapon. This argument must be dismissed because Vaught waived his right to collaterally attack his sentence other than to bring claims for ineffective assistance of counsel. *Lemaster*, 403 F.3d at 220 (concluding that defendants may waive their right to collaterally attack their convictions and sentences through a plea agreement).

However, even if this argument were not waived, it fails on the merits. Vaught and his codefendant were charged in the same indictment because "they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions constituting an offense or offenses." Fed. R. Crim. P. 8(b). Vaught's codefendant was charged with securing the weapon that Vaught used to attack the federal officer, the conduct at issue in this case. Because Vaught and his codefendant engaged in a common scheme or plan, joinder was appropriate. *Cf. United States v. Mackins*, 315 F.3d 399, 413 (4th Cir. 2003) (noting that where there is no connection between different types of criminal activity, joinder is inappropriate).

*C. Sentencing Error.*

Finally, Vaught argues that I erred by sentencing him without taking into account his acceptance of responsibility for his criminal conduct. This argument, too, is waived. *Lemaster*, 403 F.3d at 220. It is also unavailing. His advisory guideline range, which took into account a three-point reduction to his base offense

level for acceptance of responsibility, was 324 to 405 months. PSR ¶ 54, ECF No. 41. But because he pleaded guilty to Count Three, which had a statutory maximum sentence of 240 months' imprisonment, his guideline term of imprisonment became 240 months. *Id*. I sentenced Vaught to 240 months. Accordingly, he has failed to establish any sentencing error. *Sharpe v. Bell*, 593 F.3d 372, 383 (4th Cir. 2010) (noting that meritless arguments cannot give rise to a viable habeas claim).

III.

For the foregoing reasons, I will grant the United States' Motion to Dismiss and dismiss the Motion to Vacate, Set Aside, or Correct Sentence. A separate Final Order will be entered herewith.

    DATED: February 10, 2017

    /s/ James P. Jones
    United States District Judge